Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000664
01-APR-2020
08:05 AM

NO. CAAP-16-0000664

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KENNETH M. SKAHAN, Claimant-Appellant,
v.
STUTTS CONSTRUCTION COMPANY, LTD., Employer-Appellee,
and
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO.: AB 2014-041 (WH); DCD NO.: 9-13-45106(M))


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

This appeal arises out of a WC-5 Employee's Claim for Workers' Compensation Benefits form filed by Claimant-Appellant Kenneth M. Skahan (**Skahan**) in the State of Hawai'i Department of Labor and Industrial Relations Disability Compensation Division on August 19, 2013.  In his claim, Skahan sought benefits from his former employer, Employer-Appellee Stutts Construction Company, Inc., which is insured by Insurance Carrier-Appellee First Insurance Company of Hawaii, Ltd. (collectively referred to as **Stutts Construction**), for injuries to his lower back and thoracic spine that he claims became disabling on April 7, 2013. On January 10, 2014, the Director of Labor and Industrial Relations (**Director**) issued a written decision and order denying

Skahan's claim because Skahan was not employed by Stutts Construction on the claimed date of injury.[1]

In this appeal, Skahan, who is self-represented, appeals from the "Decision and Order" (**LIRAB Decision**) entered by the State of Hawaiʻi Labor and Industrial Relations Appeals Board (**LIRAB**) on June 17, 2016, which affirmed in part and reversed in part the Director's written decision and order. The LIRAB found that Skahan's claim for benefits for a thoracic spine injury in the form of Diffuse Idiopathic Skeletal Hyperostosis (**DISH**) was causally related to a November 30, 2004 work injury that Skahan sustained while employed with Stutts Construction,[2] and was not a claim for a new injury occurring on April 7, 2013. The LIRAB thus concluded that any benefits for Skahan's DISH injury should be determined under a separate claim related to the November 30, 2004 injury, in a separate proceeding that was then ongoing. With regard to Skahan's claim of a lower back injury, the LIRAB concluded it was not causally related to the November 30, 2004 work incident and thus denied Skahan's claim related to the lower back injury.

Skahan asserts ten points of error in this appeal. We construe Skahan's points of error to challenge the LIRAB's: (1) designation of the sole issue to be determined in the LIRAB appeal; (2) findings of fact (**FOF**) and conclusions of law (**COL**) pertaining to LIRAB's determination that Skahan's April 7, 2013 DISH injury was causally related to his prior November 30, 2004 work injury, and thus any benefits must be determined under the prior claim; and (3) FOFs and COLs pertaining to LIRAB's conclusion that Stutts Construction met its burden of production and persuasion to show that Skahan did not have any lower back

---

[1] The record reflects that Skahan was employed with Stutts Construction until December 3, 2004.

[2] Under a previous claim, Skahan claimed injury to his thoracic spine and right rib cage due to a work accident on November 30, 2004, which occurred while he was lifting or moving a garage door.

condition that could be causally related to the November 30, 2004 work incident.[3]

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as relevant legal authorities, we affirm.

**(1) Issue on appeal before the LIRAB**

In his first point of error, Skahan challenges the LIRAB's designation of the sole issue to be determined in Skahan's appeal to LIRAB from the Director's decision. Skahan's argument has no merit. The LIRAB Decision states "[t]he sole issue to be determined on this appeal is whether [Skahan] sustained a personal injury involving his low back and thoracic spine on April 7, 2013, arising out of and in the course of employment." This is substantively identical to the issue determined by the Director in his written decision and order, and directly addresses Skahan's August 19, 2013 claim for workers' compensation benefits for his alleged injuries sustained on April 7, 2013.

Further, Hawaiʻi Administrative Rules (**HAR**) § 12-47-20 states that "[t]he board may decline to hear and determine any issue which the director in the decision on appeal did not decide or left for future determination." LIRAB was not required to decide issues beyond those addressed by the Director.

**(2) Skahan's points of error pertaining to his DISH claim are moot**

In points of error 2 through 7, Skahan appears to challenge various FOFs and COLs which pertain to the LIRAB's determination that Skahan's August 19, 2013 claim of a DISH injury was causally related to the November 30, 2004 work injury,

---

[3] In his appeal, Skahan specifically challenges FOFs 2, 3, 5, 6, 7, 8, 9, 10, 13, 15, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 32, 34, and 35. Skahan also purports to challenge COLs 3, 4, 5, and 6, however, the LIRAB did not designate its COLs numerically.

and thus was not a claim for a new injury occurring on April 7, 2013. Skahan appears to assert that the LIRAB should have treated his DISH condition as a "disease proximately caused by or resulting from the nature of the employment" with Stutts Construction under Hawaii Revised Statutes (**HRS**) § 386-3 (2015),[4] but that the LIRAB erred in holding that his DISH claim should be determined under the November 30, 2004 claim and proceeding, rather than as a new injury or occupational disease under the August 19, 2013 claim.

We discern no prejudice to Skahan by the LIRAB's decision to address his DISH claim in the proceedings related to the November 30, 2004 incident, which were still pending before the LIRAB at the time. Indeed, LIRAB issued a Decision and Order in Case No. AB 2014-019, arising from the November 2004 claim, on June 21, 2016 (**6/21/16 LIRAB Decision**), just four days after the LIRAB Decision in this case.

Indeed, because the 6/21/16 LIRAB Decision in Case No. AB 2014-019 determined, *inter alia*, the compensability of Skahan's DISH claim, for purposes of this appeal the DISH claim is moot. Skahan has appealed from the 6/21/16 LIRAB Decision and that appeal is currently pending in CAAP-16-0000663. The mootness doctrine is appropriate "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." Lathrop v. Sakatani, 111 Hawaiʻi 307, 313, 141 P.3d 480, 486 (2006) (citation omitted). Given that Skahan's DISH claim was resolved by LIRAB in the 6/21/16 LIRAB Decision,

---

[4] HRS § 386-3(a) provides, in relevant part:

> **§386-3 Injuries covered.** (a) If an employee suffers personal injury either by accident arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment, the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.

4

the merits of that claim were addressed in that proceeding.  In this appeal, we can provide no effective remedy and the issue is moot.

### (3) Skahan's lower back injury claim

In points of error 8 through 10, Skahan challenges the FOFs and COLs pertaining to the LIRAB's denial of his claim for lower back injury.  Specifically, Skahan appears to assert that the LIRAB erred in concluding that Stutts Construction met its burden of production and persuasion to show that Skahan's lower back injury was not causally related to the November 30, 2004 work injury, and thus not compensable.  After review of the record, we conclude that the LIRAB did not err in denying Skahan's August 19, 2013 claim for injuries to his lower back.

HRS § 386-85 (2015) states, in relevant part:

§386-85 **Presumptions.**  In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:

(1) That the claim is for a covered work injury[.]

"[T]o rebut the presumption, the employer has the burden of going forward with the evidence, which is the burden of production, as well as the burden of persuasion.  The burden of production means that 'the employer must initially introduce substantial evidence that, if true, could rebut the presumption that the injury is work-related.'"  Panoke v. Reef Dev. of Hawaii, Inc., 136 Hawai'i 448, 461, 363 P.3d 296, 309 (2015) (citations omitted).

Here, the LIRAB relied on a report prepared by Dr. Lorne K. Direnfeld, M.D. (**Dr. Direnfeld**), dated July 19, 2013, in support of its conclusion that Stutts Construction met its burden to show that Skahan's low back condition was not causally related to the November 30, 2004 work injury.  In his report, Dr. Direnfeld notes that "[t]he contemporaneously documented medical records do not reference a condition affecting Mr. Skahan's lumbar spine in relation to the [November 30, 2004] industrial accident."  Dr. Direnfeld further notes that "[n]o investigations were required of the lumbar spine in Mr. Skahan's case in

relation to the [November 30, 2004] industrial accident[,]" and that "Mr. Skahan himself attributes problems at the L4-5 disk level to the effects of a prior work-related injury occurring in 1994[.]" Accordingly, Dr. Direnfeld stated that "[b]ased on the data available to [him], there is no indication of a condition affecting the L4-5 level in Mr. Skahan's case in any way related to the [November 30, 2004] industrial accident."

As noted by Dr. Direnfeld, the medical records relating to the November 30, 2004 work injury did not document or show any injury to Skahan's lower back. The record does not indicate that the November 30, 2004 claim was for injuries to Skahan's lower back. In its FOF 26, which Skahan does not challenge, the LIRAB found that "[Skahan] suffered from a preexisting low back condition that developed as a result of low back injuries dating back to 1990's while he was working for another employer." This is consistent with Dr. Direnfeld's report, which noted that Skahan attributed his lower back injuries to a prior work-related injury which occurred in 1994, and not to the November 30, 2004 incident.

Further, Skahan does not cite to any part of the record in this appeal that can relate his lower back injury to the November 30, 2004 incident. Skahan appears to rely on the reports of Dr. Daniel A. Capen, M.D. (**Dr. Capen**) to show that his lower back condition was somehow aggravated or injured in the November 30, 2004 incident.[5] However, as the LIRAB found, nothing in Dr. Capen's reports produced in this record provides any opinion or medical basis to relate Skahan's lower back injury to the November 30, 2004 incident. Skahan also does not dispute

---

[5] Many of Skahan's citations to the record are to the record on appeal in CAAP-16-0000663, which we need not consider. Further, to the extent Skahan makes factual assertions without proper record cites, we are not obligated to search the record. See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) (noting that "this court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (citation, brackets, and internal quotation marks omitted)).

FOF 31, which states "[t]here is no evidence of any DISH affecting [Skahan's] lumbar spine."

In sum, Dr. Direnfeld's report indicates that there is no evidence that Skahan's lower back was injured or aggravated on November 30, 2004, and Skahan does not cite to any part of the record in this case that can relate his lower back injury to the 2004 claim. Accordingly, the LIRAB did not err in concluding that Stutts Construction had met its burden to show that Skahan's lower back injury was not related to the November 30, 2004 work incident.

Therefore, IT IS HEREBY ORDERED that the Labor and Industrial Relations Appeals Board's "Decision and Order", filed June 17, 2016, is affirmed.

DATED: Honolulu, Hawai'i, April 1, 2020.

On the briefs:

Kenneth M. Skahan,
Claimant-Appellant pro se.

Laurie E. Keeno,
Employer-Appellee and
Insurance Carrier-Appellee.

Chief Judge

Associate Judge

Associate Judge